UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No.  16-20803
                                                        Hon. Matthew F. Leitman

v.

TYRONE WEST,

        Defendant.
_____/

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 924(d), and based on the guilty plea by Defendant Anthony Burton to violating 18 U.S.C. § 922(g), the United States of America together with Defendant Tyrone West, individually and by and through his attorney, Richard O'Neill, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

        1.        The United States obtained an Indictment on or about December 6, 2016, which charges Defendant with Count One, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  (Dkt. #11).  The Indictment contains a Forfeiture Allegation which provides that pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the knowing commission of the offense is subject to forfeiture.

2. The property involved in or used in the knowing commission of Count One includes **one (1) Smith & Wesson, .40 caliber pistol, serial number DPD 0208** (Subject Property).

3. On or about July 18, 2017, Defendant pleaded guilty to Count One of the Indictment. In the Rule 11 Plea Agreement, Defendant agreed to forfeit the Subject Property to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as property involved in or used in the knowing commission of Count One.

4. In the Rule 11, Defendant also agreed to the entry of one or more orders of forfeiture of his interest in the Subject Property, at or any time before, his sentencing in this case.

5. In entering into this Stipulation with respect to forfeiture, Defendant specifically acknowledges that the Subject Property was connected to his violation of Count One of the Indictment and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c).

6. In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment and agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture.  Defendant agrees that this Order shall become final as to Defendant at entry.  Defendant also

expressly waives his right, if any, to have a jury determine the forfeitability of his interest in the Subject Property.

7. In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

8. In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Based on the Indictment, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and 18 U.S.C. § 924(d), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

2. Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this

Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property.  The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property.  Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

      3.      After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

5. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

6. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

7. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

_____
SHANKAR RAMAMURTHY
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9562
Shankar.ramamurthy@usdoj.gov
[IL Bar No. 6306790]

Dated: 7-18, 2017

_____
RICHARD O'NEILL
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, MI 48226
(313) 967-5852
Richard_Oneill@fd.org
[P40058]

Dated: 7·18, 2017

_____
TYRONE WEST
Defendant

Dated:_____, 2017

*********************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2017

6